(60 South. 246.)

No. 19,153.

ROBERTS v. COOPER et al.

(Dec. 16, 1912.)

*(Syllabus by the Court.)*

1. FRAUDULENT CONVEYANCES (§ 281*) — REMEDIES OF PARTIES—PRESUMPTIONS.

Presumptions must yield to positive evidence showing the facts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 800, 816; Dec. Dig. § 281.*]

2. APPEAL AND ERROR (§ 999*)—REVIEW—QUESTIONS OF FACT.

Judgments based upon facts will not be disturbed on appeal unless clearly erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3924; Dec. Dig. § 999.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; R. B. Dawkins, Judge.

Action by J. E. Roberts against W. D. Cooper and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Clifton Mathews, of Farmerville, for appellant. Bullock & Warren and Price & Price, all of Ruston, for appellees.

SOMMERVILLE, J. Plaintiff, alleging himself to be the owner of an undivided one-half interest in certain property described in his petition, asks that the sale thereof by his stepfather, W. D. Cooper, one of the defendants, to John S. Gullatt, present owner of the property, be declared simulated; further, that said property be declared to belong to the community which existed between said William D. Cooper and the mother of petitioner at the time of her death; that petitioner and said William D. Cooper be recognized as co-owners in equal proportions of the said property; and, lastly, for a partition thereof by licitation.

Both defendants answer denying that the sale involved was simulated, and they aver that the sale was made by W. D. Cooper during the lifetime of his wife, in good faith, and for a valid consideration, and that the purchase price has been paid by Gullatt to Cooper. There was judgment in favor of defendants, and plaintiff appeals.

[1, 2] Plaintiff rests his case of presumed simulation upon the fact that W. D. Cooper, his stepfather, remained in possession of the property after it had been sold to John S. Gullatt. But this presumption must give way to the positive evidence in the record which destroys it. The property sold was agricultural, and there was a growing crop on it at the date of sale. In the act of sale Cooper reserved to himself the right to remain on the land until the end of the year, and to harvest his crop. At the expiration of the year Mrs. Cooper was very sick, and her physician testifies that he advised against her being moved out of the house in which she was sick and dying. Thereupon Cooper leased the premises for another year from Gullatt. That rent was paid to Gullatt by Cooper is testified to by a witness for plaintiff, who resided on the place with Mr. Cooper.

The payment of the purchase price, $2,000, is evidenced by a written receipt signed by W. D. Cooper, and by the testimony of Mr. Gullatt. This payment is supported by corroborating circumstances testified to by other witnesses.

The defendant Gullatt purchased the property in good faith, and paid a valid consideration therefor. The alleged simulation has not been proved.

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs.